Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| WILLIAM GARAYUA TORRES<br><br>PETICIONARIO<br><br>V.<br><br>CARMEN HIDELISA BARBOSA HERNÁNDEZ<br><br>RECURRIDA | TA2026CE00574 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Toa Baja<br><br>Caso Núm.: TB2026MU00438<br><br>Sobre:<br>Ley de la Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores-Órdenes de Protección, Ley Contra el Acecho en Puerto Rico-Expedición de Órdenes de Protección, Órdenes de Protección |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece ante nos, por derecho propio, el señor William Garayua Torres (en adelante, "señor Garayua Torres"). El 31 de marzo de 2026, la referida parte solicitó una orden de protección en contra de su vecina, la señora Carmen Hidelisa Barbosa Hernández (en lo sucesivo, "la señora Barbosa Hernández"). Amparó su solicitud en la Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores, Ley Núm. 121-2019, según enmendada, 8 LPRA sec. 1511 et seq; y la Ley Contra el Acecho en Puerto Rico, Ley Núm. 284-1999, según enmendada, 33 LPRA sec. 4013 et seq.

El señor Garayua Torres fundamentó su petición protectora en la relación fáctica de que la señora Barbosa Hernández, su hijo y otras personas relacionadas a éstos, entraban sin autorización a las áreas anexas a su vivienda para apropiarse de frutos y hojas. Además, sostuvo que dichas personas bloquean con automóviles la entrada de su residencia; arrojan basura hacia su vivienda; lo vigilan; acechan; e intimidan. De igual modo,

arguyó que la señora Barbosa Hernández había radicado en su contra casos judiciales fundamentados en alegaciones falsas.

En la misma fecha, el Tribunal de Primera Instancia, Sala Municipal de Toa Baja, tuvo ante sí la comparecencia presencial de ambas partes. Tras escuchar las respectivas posturas, en igual fecha, el foro recurrido notificó la "*Resolución Denegando Orden de Protección"* que hoy se nos solicita revisar. En reacción, el señor Garayua Torres presentó un escrito de reconsideración. El 9 de abril de 2026, el foro primario declaró y notificó *No Ha Lugar* el referido petitorio.

En desacuerdo, el 7 de mayo de 2026, el señor Garayua Torres presentó un recurso de *certiorari* ante este Tribunal. En su recurso, el señor Garayua Torres esbozó doce (12) señalamientos de error. Mediante estos, asevera en esencia, que incidió el foro recurrido al no conceder la orden protectora peticionada, a pesar de que presuntamente su solicitud cumple con la evidencia requerida para lograr la expedición de la referida Orden a tenor de la Ley Núm. 121-2019 y la Ley Núm. 284-1999.

El señor Garayua Torres acompañó su petición discrecional con un "pendrive" que contiene unos audios que recogen diversas voces humanas. Así las cosas, el 12 de mayo de 2026, esta Curia informó a la señora Barbosa Hernández que contaba con el término reglamentario de diez (10) días, para presentar su oposición a la expedición del auto de *certiorari.* Habiendo transcurrido el término reglamentario, procedemos a disponer del presente recurso, sin el beneficio de la comparecencia de la señora Barbosa Hernández. Veamos.

La parte afectada por una decisión del foro primario con relación a la expedición o no de una orden de protección, podrá instar ante este Tribunal un recurso de *certiorari* al amparo de la Regla 32(C) de nuestro Reglamento. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 49, 215 DPR ___ (2025). No obstante, es norma ampliamente reconocida que a esta Curia le asiste la facultad discrecional de decidir o no expedir un auto de *certiorari.* Así pues, tras un examen minucioso de la totalidad del expediente

ante nos, determinamos no intervenir en los méritos de la determinación recurrida. La Resolución objeto de revisión no es contraria a derecho ni proviene de una apreciación probatoria prejuiciada, parcializada ni constitutiva de error craso. Por tanto, al amparo de la Regla 40 del Tribunal de Apelaciones, concluimos no expedir el presente recurso de *certiorari.* Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 63, 215 DPR ___ (2025).

A su vez, declaramos *No Ha Lugar* la *"Moción Informativa sobre Reproducción de Prueba Oral y Solicitud de Autorización para Gestionar su Reproducción ante el Tribunal de Primera Instancia,"* presentada, el 22 de mayo de 2026, por el señor Garayua Torres.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del recurso presentado.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones